GAUDIN MOTOR CO., Inc., Appellant, v.
RICHARD N. PRIETH, Respondent.

No. 4149

May 27, 1959                    339 P.2d 764

See also 74 Nev. 301, 329 P.2d 1069.

*Zenoff & Magleby,* of Las Vegas, for Appellant.

*Herman E. Fisher, Jr.,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, C. J.:

Respondent Prieth, defaulting purchaser of an automobile under a conditional sale contract, has brought this action against Gaudin Motor Co. of Las Vegas, the conditional vendor. The car had been repossessed and resold by Gaudin for a sum greater than the balance due under the contract of sale. Prieth seeks to recover that surplus. Gaudin contends that it is entitled to retain it. Judgment of the court below, sitting without jury, was for Prieth and Gaudin has taken this appeal from that judgment.

The sale to Prieth was for the sum of $3,449.64. Prieth transferred the auto he then owned for a trade-in credit of $1,000.64, paid $1,000 cash, leaving a balance owing, with carrying charges, of $1,561.08. This balance he agreed to pay at $130.09 a month.

Prieth defaulted in his obligation. At the time of default he owed a balance of $1,129.74. The car was repossessed and sold by Gaudin to another purchaser for the sum of $2,425. The court below found this sum to exceed by $1,072.26 the balance due to Gaudin. It concluded that under the terms of the contract of sale Prieth was entitled to this sum, and judgment in Prieth's favor was entered in this amount.

The contract provided, "* * * in the event Purchaser defaults on any payments due under this contract * * * all sums payable hereunder, at option of Seller, shall be immediately due and payable and Seller may thereupon sue Purchaser for the same * * *. Further upon such default, Seller * * * may enter upon the premises where said property may be and remove same. Such repossession shall terminate Purchaser's rights hereunder and Seller may retain said property and all payments made prior thereto by Purchaser hereunder as rent and compensation for the use of said property by Purchaser."

Gaudin contends that under this provision of the contract he is entitled to retain the whole of the proceeds of resale.

Prieth, on the other hand, contends that this provision must be held invalid under the facts of this case as contrary to public policy. He asserts that a forfeiture of his equity cannot be justified as liquidated damages but amounts to a penalty. This question we need not decide.

The contract provides a further remedy to the seller. "Seller may, but shall not be required so to do, resell said property, so retaken, at public or private sale, without demand for performance, with or without notice to the Purchaser * * *; Seller may bid at any such sale. From proceeds of any such sale, Seller shall deduct all expenses for retaking, repairing and selling such property including a reasonable attorney's fee. The balance thereof shall be applied to the amount due; any surplus shall be paid over to Purchaser; in case of deficiency Purchaser shall pay the same with interest at 7% per annum."

Prieth contends that from facts hereinafter set forth it would appear that Gaudin had actually elected to pursue this latter remedy. For the purposes of our opinion, however, we may assume that no election appears and that the conduct of Gaudin was wholly consistent either with a termination of Prieth's rights or with a resale of the car for his account.

Under this equivocal state of facts, in absence of

notice or evidence of election, which provision of the contract shall be held to apply to the resale?

Gaudin contends that this question should be resolved in favor of the termination of the purchaser's rights. It asserts that the contract itself provides that this shall be the effect of repossession unless the seller shall elect otherwise. It suggests that this result is desirable as a matter of policy, pointing out that in the bulk of repossession cases a deficiency rather than a surplus is to be expected upon resale and that a presumption against a deficiency obligation would protect the purchaser against an unscrupulous vendor in the majority of cases.

We do not so view the matter of policy, however. The various means designed for sales of chattels on credit have as common purposes adequate assurance of payment for the vendor and ease of payment for the vendee. The conditional sale contract, as a useful commercial instrument, seeks to accomplish these purposes by a method simpler than that of the sale with mortgage back to the vendor. Courts, then, should enforce these contracts where possible, in such a manner as to accomplish their purpose. G.M.A.C. v. Dickinson, 249 Ky. 422, 60 S.W.2d 967; accord 3 Williston on Sales, p. 231, sec. 579 d. The vendor's right to recover a deficiency upon resale is consistent with this purpose. It is not necessary to such purpose, however, to permit the vendor to profit from a purchaser's default through effecting a forfeiture of the purchaser's equity.

We conclude under the terms of this contract that in the face of an equivocal position by the vendor and in absence of notice that the vendor elects to effect a forfeiture of the purchaser's equity it will be presumed that resale is for the account of the purchaser.

In the alternative Gaudin contends that a sale actually was had for the account of Prieth prior to the resale to

which we have referred. In making this contention it has reference to the following additional facts.

After execution of the contract of sale Gaudin assigned that contract to the First National Bank of Nevada. The assignment provided that upon repossession by the bank it could either recover the balance due from Gaudin or sell the car and recover the deficiency from Gaudin. It was the bank which had repossessed the car from Prieth. Upon repossession the car was taken directly to Gaudin's place of business. Gaudin secured written appraisals of the car from two other Las Vegas dealers and submitted an appraisal itself in the sum of $1,900. Gaudin's appraisal was the highest of the three. Gaudin then paid the bank the balance due on the contract, charged this sum and certain expenses against the sum of $1,900 and entered the balance in the sum of $594.81 as a credit to Prieth's account. This credit entry was not made until after the resale in question and Prieth was not notified of this transaction or of this credit until after the resale had taken place.

Gaudin refers to the appraisals as "bids" and to the appraisal transaction as a sale by the bank to Gaudin. The appraisals were not bids. They contained no offer to purchase. The bank did not handle or participate in the transaction. The trial court concluded that the transaction was but a simulated sale and was not an actual, bona fide sale. We agree with this construction of the transaction. The bank, then, had not sold to Gaudin but, pursuant to the terms of the assignment, had simply returned the car and recovered from Gaudin the balance due, and thus in effect had rescinded its assignment. Gaudin was thus returned to its position as vendor under the contract and continued subject to its terms.

We conclude that in its resale of the car Gaudin must be held under its contract to have resold for the account of Prieth. Prieth, then, is entitled to judgment for the excess produced by that resale.

Affirmed.

McNamee and Badt, JJ., concur.